# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KAMENSKY, RUBINSTEIN, HOCHMAN & DELOTT LLP, | ) ) ) | |
| Plaintiff, | ) ) | Honorable Robert M. Dow |
| v. | ) ) | Magistrate M. David Weisman |
| OCEANUS INSURANCE COMPANY, | ) ) ) | Court No.: 1:17-cv-03115 |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant, OCEANUS INSURANCE COMPANY ("Oceanus"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff, KAMENSKY, RUBINSTEIN, HOCHMAN & DELOTT LLP ("Kamensky").

1. Plaintiff is a limited liability partnership comprised of Attorneys at Law who are or were duly licensed to practice in the State of Illinois.

**ANSWER:** Oceanus admits plaintiff is or was a limited liability partnership. As to the remaining allegations, Oceanus lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and therefore neither admits nor denies the allegations.

2. Defendant is a corporation that engages or engaged in various business including the insurance of various types of risk, including medical malpractice liability risk.

**ANSWER:** Oceanus admits this allegation.

3. From time to time, prior to February 2014, Defendant had engaged the law firm of Lewis Brisbois Bisgaard & Smith (LBBS) to handle various legal medical malpractice liability defense matters for it and its insureds. Fuad Sulayman was a licensed

1

Illinois attorney with LBBS, and Mr. Sulayman handled various matters for Defendant while an attorney with LBBS.

**ANSWER:** Oceanus admits this allegation.

4. On or about February 2014 Mr. Sulayman left LBBS and commenced working with Plaintiff. By mutual agreement of Defendant and Plaintiff and Sulayman Defendant agreed to have four (4) matters being handled by Sulayman while at LBBS to be transferred for handling by Plaintiff under the supervision and attention of Sulaymcn. To assist Sulayman, another attorney, James A. Leventis, was hired by Plaintiff. Plaintiff and Defendant orally agreed that Defendant would be charged a special reduced fee for legal services performed by Plaintiff at the rate of $250/hr for Sulayman and $175/hr for Leventis, and that costs expended for the Defendant's benefit would be reimbursed. Such fee rates were reasonable rates for such services in the Chicago Metropolitan area for the skills and education of those attorneys.

**ANSWER:** Oceanus admits that Sulayman's rate was $250.00 per hour and that the rate of James A. Leventis was $175.00 per hour for certain matters that Sulayman handled at Kamensky. Oceanus also admits that it agreed to the transfer of four files to Kamensky that Sulayman would handle/supervise. As to any remaining allegations, Oceanus lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and therefore neither admits nor denies the allegations.

5. During the course of time of February 2014 through April 2015 Defendant engaged Plaintiff to handle additional matters with the original four, all generally to be performed by Sulayman and Leventis. Various of these matters were referred to between the Plaintiff and the Defendant as

    Atkins                   (PL.matter# 001)

Jaffe (PL.matter# 002)

Uswajesdakul (PL.matter# 003)

Foot Care-Oechsle (PL.matter# 004)

Hathcock (PL.matter# 005)

Mierzwinski (PL.matter# 007)

Rahmun (PL.matter# 008)

Asha Ather-Super (PL.matter# 009)

Soriano (PL.matter# 010)

Pallekonda (PL.matter# 011)

**ANSWER:** With respect to the matters identified in this paragraph, Oceanus admits that Kamensky attorneys, including Sulayman, rendered certain services to Oceanus insureds, and that the parties used the indicated names/terms to refer to those matters. As to any remaining allegations, Oceanus lacks sufficient knowledge or information to form a belief regarding the truth of the allegations and therefore neither admits nor denies the allegations but demands strict proof thereof.

6. During the period from May 2014 through May 2015 Plaintiff invoiced Defendant for various legal services and for reimbursement of expenses incurred for Defendant's benefit. From time to time a representative of Defendant and Sulayman would discuss revisions to some of the invoices, after which time final invoices would be tendered from Plaintiff to Defendant.

**ANSWER:** Oceanus admits that Kamensky sent invoices for work which was allegedly done by Kamensky attorneys, including Sulayman. Oceanus admits that it denied payment for certain invoices and that denial occasionally resulted in Sulayman agreeing to reduce or remove certain fees. As to any remaining allegations, Oceanus lacks sufficient knowledge or information to form a belief regarding the truth of these allegations and therefore neither admits nor denies the allegations.

7. Defendant has failed to pay for all or part of the legal services performed by

Plaintiff for Defendant of various invoices tendered by Plaintiff to Defendant totaling $99,174.07, as more fully detailed in Group Exhibits 1, 2, 3, 4, 5, 7, 8, 9, 10 and 11, copies of which are attached hereto and the details of which are incorporated herein by reference.

**ANSWER:** Oceanus admits it has refused to pay certain invoices presented for payment by Kamensky. Oceanus denies that it owes the invoiced amounts, including because the fees charged by Kamensky were unreasonable and unearned. As to any remaining allegations, Oceanus lacks sufficient information to form a belief regarding the truth of the allegations and therefore neither admits nor denies the allegations.

8. Plaintiff performed all conditions precedent required of it to be paid for the legal service it performed and for reimbursement of costs expended for the Defendant's benefit.

**ANSWER:** Oceanus denies this allegation.

9. That in addition to the amount claimed above, Plaintiff claims interest pursuant to 815 ILCS 205/2 at the statutory rate of 5% per annum.

**ANSWER:** Oceanus lacks sufficient information to form a belief regarding the truth of the allegations and therefore neither admits nor denies the allegations.

WHEREFORE, Oceanus respectfully requests that this Honorable Court enter a judgment against Kamensky and in favor of Oceanus with respect to the relief sought in Kamensky's Complaint, award costs to Oceanus, and grant such other and further relief as is equitable and just.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint of Kamensky, Oceanus states as follows. By alleging these "Affirmative Defenses," Oceanus does not assume any burdens of proof or production not otherwise imposed by law. Oceanus reserves the right to supplement, amend, modify, add or delete defenses as further information is developed in discovery. These defenses are set forth cumulatively and in the alternative.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Kamensky's invoices seek payment of fees which were unreasonable and unearned. Kamensky cannot recover on its claims for relief due to the breach of one or more duties owed to Oceanus under a contract or agreement, the Illinois Rules of Professional Conduct, and/or otherwise applicable law.

### Third Affirmative Defense

The relief sought by Kamensky is barred by the doctrine of estoppel.

### Fourth Affirmative Defense

The relief sought by Kamensky is barred by laches.

### Fifth Affirmative Defense

Kamensky's claims are barred in whole or in part by its failure to mitigate its damages.

## **JURY DEMAND**

Oceanus requests and demands a jury on all claims, matters and issues so triable.

WHEREFORE, Oceanus respectfully requests that this Honorable Court enter a judgment against Kamensky and in favor of Oceanus with respect to the relief sought in the Complaint, award costs to Oceanus, and grant such other and further relief as is equitable and just.

Dated: June 5, 2017

        Respectfully submitted,

        /s/ Thomas B. Orlando
        Thomas B. Orlando
        John P. Eggum
        FORAN GLENNON PALANDECH
        PONZI & RUDLOFF PC
        222 N. LaSalle Street, Suite 1400
        Chicago, IL 60601
        312.863.5000
        312.863.5099/fax
        torlando@fgppr.com
        jeggum@fgppr.com

        *Attorneys for Defendant,*
        *OCEANUS INSURANCE COMPANY*

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) on June 5, 2017 to:

    Stuart J. Stein
    Stein and Rotman
    77 W. Washington St.
    Suite 1105
    Chicago, IL 60602
    (312) 236-5375
    Email: sstein@steinrotman.com

                                          /s/   Thomas B. Orlando_____